IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

NORMAN LANE AND
LIESL LANE                                                                    PLAINTIFFS

VS.                              3:CV: NO. 2017- 1 - DPM

XPO LOGISTICS MANUFACTURING, INC.,                              DEFENDANTS
DAVID G. MINYARD and JOHN DOES 1-10

*This case assigned to District Judge Marshall*
*and to Magistrate Judge Kearney*

## COMPLAINT

Come now the Plaintiffs, Norman Lane and Liesl Lane; husband and wife, by and through their attorneys, Jackson Law Firm and Campbell Law Firm; and for their cause of action against the Defendants, state:

### I. STATEMENT OF JURISDICTION AND VENUE

1. The United States District Court for the Eastern District of Arkansas has jurisdiction of this cause of action pursuant to 28 U.S.C. §1332 as the plaintiffs and defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue for this cause of action is governed by 28 U.S.C. §1391. Venue lies properly in the Eastern District of Arkansas, Jonesboro Division as the site of the tort leading to this cause of action is in Crittenden County, Arkansas.

### II. PARTIES TO THE CLAIM

3. Plaintiffs Norman Lane and Liesl Lane are husband-and-wife and are residents of North Carolina.

1

4. Defendant XPO LOGISTICS MANUFACTURING, INC. is a for profit corporation with its principal place of business in Connecticut. XPO Logistics Manufacturing is in the trucking and transportation business. They conduct business throughout the contiguous forty-eight states. Based upon information and belief, XPO Logistics Manufacturing's registered agent of service is: The Prentice-Hall Corporation System, Arkansas; 300 Spring Building; Suite 900; 300 South Spring Street; Little Rock, AR 72201.

5. David G. Minyard is a citizen of the State of Arkansas.

6. At the time of the incident described further herein, Defendant David Minyard was an employee of XPO Logistics Manufacturing, Inc. formerly known as CON-WAY MANUFACTURING, Inc. before the two companies merged.

7. John Does 1-10 are persons, entities or corporations responsible for David Minyard's actions as his employer or successor employer through mergers and acquisitions. Based on information and belief, the plaintiffs have named the correct identity of David G. Minyard's employer at the time of the wreck and the name of the company with whom it merged with after the accident. *See* Affidavit of Jim Jackson attached is Exhibit 1, which is incorporated herein by reference. If an additional named party is learned during discovery, they will be substituted for the John Doe defendants pursuant to Arkansas law.

### III. STATEMENT OF THE CASE

8. On Monday, January 27, 2014, Norman Lane was driving east on I-40 in the middle lane of three eastbound lanes. Mr. Lane was operating a 2006

International tractor trailer rig. David Minyard was driving a 2009 Freightliner tractor-trailer rig immediately behind Mr. Lane's rig. Defendant David Minyard negligently drove his tractor trailer rig into the rear of Mr. Lane's trailer causing a wreck. The wreck occurred at mile marker 279 on Interstate 40 East.

9.  The Arkansas State Police cited separate defendant David Minyard for Careless or Prohibited Driving which is a violation of Ark. Code Ann. §27-51-104.

## IV. RESPONDEAT SUPERIOR

10.  Defendant David Minyard an employee and/or agent of CON-WAY MANUFACTING, Inc. and was acting within the scope of his authority/employment with CON-WAY MANUFACTURING and all acts of negligence by David Minyard are imputed to his employer, Defendant XPO Logistics Manufacturing which was formerly known as CON-WAY MANUFACTURING before the two companies merged.

11.  Defendant David Minyard guilty of negligence, which was the proximate cause of the above-described vehicle collision in the following particulars:

(a)  In failing to keep a proper lookout;

(b)  In failing to keep the vehicle he was driving under proper control;

(c)  In failing to exercise ordinary care for his own safety and for the safety of others using the highway; and,

(d)  In failing to yield to keep a safe distance behind vehicles that are in

front which is a violation of Arkansas Code Annotated §27-51-104.

## V. CAUSATION

12.    These negligent acts on the part of Defendant David Minyard, who was acting within the scope of his authority/employment at all times relevant to this cause of action, were the proximate cause of the injuries and damages sustained by Norman Lane, as more specifically described herein.

## VI. DAMAGES

13.    As a proximate result of the negligent acts on the part of Defendant, Norman Lane, sustained neck, shoulder and back injuries resulting in a spinal surgery at the L3-L5 laminectomy/discectomy.

14.    Plaintiff Norman Lane claims he is entitled to recover for the following damages, all of which were proximately caused by the negligence of Defendants:

   (A)   Compensatory damages for the reasonable expense of any necessary medical care and other out of pocket expenses sustained by Norman Lane and the present value of such expenses reasonably certain to be required in the future;

   (B)   Compensatory damages for the nature, extend duration and permanency of any injury;

   (C)   Compensatory damages for the scars and disfigurement and other visible results of the injuries sustained by Norman Lane;

   (D)   Compensatory damages for any pain and suffering experienced in the past and reasonably certain to be experienced in the future;

(E)   Compensatory damages for the reasonable expense of any necessary help in is home, which has been required as a result of his injury and the present value of such expense reasonably certain to be required in the future.

## VII. DAMAGES – LIESL LANE

15.   Liesl Lane has a loss of consortium claim for the loss of the services, society, companionship and marriage relationship of her husband proximately caused by the negligence of the defendants.

16.   The Plaintiffs' total compensatory damages, as shall be proven by the evidence, are in excess of the amount required for federal jurisdiction in diversity actions.

## VIII. JURY TRIAL REQUESTED

17.   The Plaintiffs requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and as guaranteed by the 7th Amendment to the United States Constitution.

**WHEREFORE**, Plaintiffs Norman Lane and Liesl Lane pray that they each have an individual judgment against the Defendants, jointly and severally, for a sum to be determined by a jury, for costs, post-judgment interest and for all other necessary and proper relief to which they may be entitled.

Respectfully submitted,

By: *Jim Jackson* (signature)

Jim Jackson ABN #: 93-209
Jackson Law Firm
124 West Capitol Avenue; Suite 870
Little Rock, AR 72201-3704
(501) 823-3610 phone
(501) 823-3611 fax
Jim@JimJacksonatty.com

AND

Sheila Campbell   ABN #: 83-239
Campbell Law Firm
2510 Percy Machin
North Little Rock, AR 72114-2140
(501) 374-0700 phone
(501) 3742-5375 fax

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

NORMAN LANE AND
LIESL LANE                                                                                    PLAINTIFFS

VS.                                        3CV: NO. 2017-1

XPO LOGISTICS MANUFACTURING, INC.,                              DEFENDANTS
DAVID G. MINYARD and JOHN DOES 1-10

## AFFIDAVIT

I, Jim Jackson, attorney for the plaintiffs, do solemnly swear and affirm that the identity of the additional tortfeasors stated as John Does 1-10 are unknown. I have attempted a diligent inquiry to ascertain the identify of any such tortfeasors, but have been unable to determine the identity of said tortfeasors. Upon determination of the identity of the additional tortfeasors, I will amend the Complaint and substitute the real names for the pseudo-names.

_____
Jim Jackson

## ACKNOWLEDGMENT

**State of Arkansas)**
                    )
**County of Pulaski)**

On this 3rd day of January, 2017, before me, a Notary Public, duly commissioned, qualified and acting, within and for this County and the State of Arkansas, appeared in person named above, to me personally well known, who stated that they executed the foregoing Affidavit.   **IN TESTIMONY WHEREOF,** I have

1


EXHIBIT A

hereunto set my hand and official seal this $\underline{3^{rd}}$ day of January, 2017.

                                                  *[signature]*
                                                  Notary Public

> CHRISTOPHER MCCAULLEY
> SALINE COUNTY
> NOTARY PUBLIC - ARKANSAS
> My Commission Expires October 15, 2019
> Commission No. 12373433

                                        Christopher McCaulley
                                               Notary's Printed Name

My commission expires:
10/15/19
[SEAL]